# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>Jose Maria MURILLO Estrada,<br><br>                    Defendant. | Case No.:   25-mj-02199<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 18 U.S.C. § 111(a)(1)<br>Assaulting, Resisting, or Impeding<br>Federal Officers<br>Title 8, U.S.C., Section 1326 Attempted<br>Entry after Deportation<br>(Felony) |

The undersigned complainant being duly sworn states:

## COUNT 1

On or about April 28, 2025, within the Southern District of California, Jose Maria MURILLO Estrada did knowingly, intentionally and forcibly assault, resist, oppose, impede, and interfere with a person named in Title 18, United States Code, Section 1114, to wit: Department of Homeland Security Customs and Border Protection Officers D. M. and R.W., while the Officers were engaged in the performance of their official duties at the San Ysidro Port of Entry, such acts involving physical contact, in that MURILLO kicked D.M. in the shin and kicked R.W. several times; in violation of Title 18, United States Code, Section 111(a)(1), a felony.

## COUNT 2

On or about April 28, 2025, within the Southern District of California, Jose Maria MURILLO Estrada did knowingly, intentionally and forcibly assault, resist, oppose, impede, and interfere with a person named in Title 18, United States Code, Section 1114,

to wit: Department of Homeland Security Customs and Border Protection Officer M.N., while the Officer was engaged in the performance of their official duties at the San Ysidro Port of Entry, such acts involving physical contact, in that MURILLO punched M.N. in the face with a closed fist and struck his jaw; in violation of Title 18, United States Code, Section 111(a)(1), a felony.

## COUNT 3

On or about April 28, 2025 within the Southern District of California, Defendant Jose Maria MURILLO Estrada, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

1   The complainant states that this complaint is based on the attached Statement of

2   Facts incorporated herein by reference.

3

4                                           _____
                                            Special Agent Nicole Caughey
5                                           Homeland Security Investigations

6
    Sworn and attested to under oath by telephone, in accordance with Federal Rule of

7   Criminal Procedure 4.1, this 29th day of April 2025.

8                                           _____
9                                           Hon. Daniel E. Butcher
                                            United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF FACTS

On April 28, 2025, at approximately 6:45 AM, Jose Maria MURILLO Estrada, ("MURILLO"), a Mexican Citizen, attempted to make entry into the United States from Mexico through the San Ysidro Port of Entry by running through vehicle primary lanes. A Customs and Border Protection (CBP) Officer prevented MURILLO from entering past pre-primary vehicle lane 15, at which point MURILLO claimed to be a United States citizen. MURILLO was informed that pedestrian traffic is not authorized to enter through the vehicle primary lanes and was directed to the pedestrian primary lanes. MURILLO then ignored directions and ran past pre-primary vehicle lane 19. MURILLO was ordered to stop by several CBP Officers and MURILLO ignored the officers' commands. MURILLO was immediately intercepted, taken down, and placed in handcuffs for officer safety, to which MURILLO resisted. MURILLO was then escorted to the Old Port via the Old Port limit line for further disposition.

While CBP Officer D.M. was escorting MURILLO, MURILLO turned and spit on his face. MURILLO then turned and spit on CBP Officer R.W. CBP Officer D.M. then pushed MURILLO against a fence to prevent more spitting. MURILLO kicked CBP Officer D. M. on the shin with the heel of his right foot. MURILLO also kicked CBP Officer R.W.  MURILLO was then restrained against the limit line

1

(boundary line) fence, where MURILLO continued to resist arrest. A CBP Officer obtained a face mask / spit mask and placed it on MURILLO. MURILLO was then escorted to the Security Office for initial processing.

In the Security Office, a pat down on MURILLO revealed a metal shank concealed on MURILLO's back. During Security Office intake processing, MURILLO stated his name was E.A.C. and claimed to have been born in Chula Vista, California. MURILLO was then searched by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned a match to the query linking MURILLO to Federal Bureau of Investigation (FBI) and Department of Homeland Security (DHS) records, which identified MURILLO as a citizen and national of Mexico and a previously deported alien.

Further DHS records confirmed MURILLO is a citizen of Mexico without documents or entitlements to enter the United States. DHS records revealed MURILLO was Ordered Removed from the United States to Mexico by an Immigration Judge on or about March 16, 2018, and was subsequently physically removed from the United States to Mexico on or about March 20, 2018, via the Calexico, California Port of Entry. MURILLO was last physically removed from

the United States to Mexico on or about February 13, 2025, via the Nogales, Arizona Port of Entry. DHS records contain no evidence MURILLO has applied for or received permission from the Attorney General of the United States or her designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States.

At approximately 7:55 AM, a CBP Medical First Responder Officer M.N. provided aid to MURILLO. MURILLO was bleeding from a puncture wound on his right wrist. During treatment of the wound, MURILLO punched CBP Officer M.N. in the face with a closed fist and struck him on the right side of the officer's jaw. MURILLO was taken to the hospital for treatment of his puncture wound, where MURILLO refused treatment.

MURILLO was placed under arrest at approximately 12:00 PM and charged with a violation of Title 18, United States Code, 111, Assaulting, resisting an officer and Title 8, United States Code, 1326, Re-entry after Deportation.